IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY E. WILLIAMS, | ) | 4:13CV3170 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Larry E. Williams' ("Petitioner" or "Williams") Petition for Writ of Habeas Corpus ("Petition"). (Filing 1.) Liberally construed, Williams argues that he is entitled to a writ of habeas corpus based on the following claims:

> Claim One: Williams was denied the effective assistance of counsel in violation of the Sixth Amendment because Williams' trial counsel did not (1) investigate the case; (2) gather evidence; (3) prepare for trial; (4) call Kent Gurll (the victim's step-father) and Don Anderson (the victim's biological father) to testify regarding the victim's propensity to "get even"; (5) advise Petitioner during trial; (6) tender a proper jury instruction; (7) formulate a reasonable strategy for attacking the motivations of the victim to make a false claim; (8) call witnesses who would testify to the victim's reputation for untruthfulness; (9) call character witnesses who would testify to his good character and reputation for truthfulness; (10) examine the victim's DHHS records for evidence of conduct that would establish motivations for giving false testimony at trial; (11) examine the victim's mental health records from Richard Young Mental Health Hospital that would have disclosed her

                        bi-polar disorder; (12) examine the victim's prior criminal history relevant to impeachment of her trial testimony; or (13) object to the jury instructions, which did not include the essential elements of the crimes charged in Counts VI and VII.

Claim Two:      Williams' conviction was obtained in violation of his right to due process because the trial court did not properly instruct the jury as to each of the material elements of the offenses alleged in Counts VI and VII.

(*Id.*; Filing 8 at CM/ECF pp. 1-2.)

## I. BACKGROUND

**A.    Williams' Conviction and Direct Appeal**

On July 21, 2010, a jury found Williams guilty of five counts of first degree sexual assault and one count of sexual assault of a child. (Filing 29-4 at CM/ECF p. 10.) On September 3, 2010, the District Court of Buffalo County, Nebraska, ("Buffalo County District Court") sentenced Williams to a period of not less than 6 nor more than 12 years of imprisonment for each of his five sexual assault convictions. (Filing 12-1 at CM/ECF pp. 2-3.) With regard to the sexual assault of a child conviction, the Buffalo County District Court sentenced Williams to a term of 5 years of probation. (*Id.*)

Williams appealed his convictions and sentences (filing 29-7), but the Nebraska Supreme Court affirmed them (filing 29-2). *State v. Williams*, 802 N.W.2d 421 (Neb. 2011).

**B.     Williams' Post-Conviction Motion**

On January 12, 2012, Williams filed a Verified Motion to Set Aside and Vacate the Conviction and Sentence ("Post-Conviction Motion") in the Buffalo County District Court. (Filing 29-8 at CM/ECF pp. 49-65.) In his Post-Conviction Motion, Williams alleged his trial counsel was ineffective for:

> 1) failure to adequately investigate the case; 2) failure to adequately gather the evidence; 3) failure to adequately prepare for trial; 4) failure to adequately interview and gather the witnesses the defendant requested; 5) failure to adequately advise defendant during prosecution; 6) failure to tender a proper jury instruction and 7) failure to object to a defective instruction.

(Filing 12-2 at CM/ECF p. 6.) On May 21, 2012, the Buffalo County District Court dismissed Williams' Post-Conviction Motion. (*Id*. at CM/ECF pp. 1, 12.) In doing so, the Buffalo County District Court specifically concluded that, based on the files and records, Williams could not show that his trial counsel's performance was deficient. (*Id*. at CM/ECF p. 6.)

On June 19, 2012, Williams filed a Notice of Appeal regarding the Buffalo County District Court's order denying his Post-Conviction Motion. (Filing 29-8 at CM/ECF p. 27.) Six days later, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis on his Post-Conviction appeal along with an affidavit of poverty in support thereof. (*Id*. at CM/ECF pp. 6-7.) On July 25, 2012, the Nebraska Court of Appeals dismissed the appeal because the poverty affidavit, filed in lieu of the statutory docket fee, was not timely filed pursuant to Neb. Rev. Stat. § 25-1912(1). (Filing 12-3 at CM/ECF p. 2.) Williams subsequently filed a Motion for Rehearing, which the Nebraska Court of Appeals overruled. (*Id*.)

3

### C. Williams' Petition

On September 25, 2013, Williams filed his Petition in this court. (Filing No. 1.) Respondent subsequently filed an Answer, a Brief in Support of the Answer, and relevant State Court Records. (Filings 12, 13, and 14.) Thereafter, Williams filed a Brief in support of his Petition and Respondent replied. (Filings 23, 29, and 32.) I deem this matter fully submitted.

## II. STANDARD OF REVIEW

### A. Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

4

proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id*. In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply

5

AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id*. The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.    Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i)    there is an absence of available State corrective process; or
(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior

7

motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id*. (quotation omitted).

### III. PROCEDURAL DEFAULT

As discussed above, Williams raises two claims in his Petition; an ineffective assistance of trial counsel claim and a due process claim. (*See generally* Filings 1 and 8.) Respondent argues that both of these claims are procedurally defaulted. (Filings 14 and 23.) For the reasons discussed below, I agree.

**A.    Claim One - Ineffective Assistance of Trial Counsel**

The record before the court shows that Williams was represented by the same counsel during trial and on direct appeal. (Filing 29-1, 29-2, 29-7 at CM/ECF p. 50.) Because the same attorney represented Williams at trial and on direct appeal, his first opportunity to raise an ineffective assistance of trial counsel claim was in his Post-Conviction Motion. *See State v. Dunster*, 769 N.W.2d 401, 410-11 (Neb. 2009)

(reiterating that, in Nebraska, claims of ineffective assistance of counsel raised on direct appeal by the same counsel who represented defendant at trial are premature and will not be addressed on direct appeal).

In his Post-Conviction Motion, Williams alleged his trial counsel was ineffective for failing to adequately investigate the case, gather the evidence, prepare for trial, interview and gather the witnesses he requested, advise him during the prosecution, tender a proper jury instruction, and object to a defective jury instruction. (Filing 12-2 at CM/ECF p. 6.) The language of Williams' ineffective assistance of counsel allegations in his Petition differs somewhat from those in his Post-Conviction Motion, however, the substance is the same. (*Compare* Filing 1 *with* Filing 29-8 at CM/ECF pp. 49-64.) Stated another way, Williams' ineffective assistance of trial counsel allegations at the post-conviction stage were broad. (*Id*.)

As discussed above, a prisoner must "fairly present" the substance of each of his federal constitutional claims to the state courts before seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *Akins*, 410 F.3d 451 at 454-55.

Although Williams presented his ineffective assistance of counsel claims to the Buffalo County District Court in his Post-Conviction Motion, he failed to "fairly present" these claims to Nebraska's appellate courts. Indeed, on July 25, 2012, Williams' post-conviction appeal was dismissed because the poverty affidavit, filed in lieu of the statutory docket fee, was not timely filed pursuant to Neb. Rev. Stat. § 25-1912(1). (Filing 12-3 at CM/ECF p. 2.) Under Nebraska law, in order to vest the appellate courts with jurisdiction, a poverty affidavit must be filed within the time that the docket fee otherwise must be deposited. *Nebraska v. Ruffin*, 789 N.W.2d. 19, 24-25 (Neb. 2011). Because Williams did not raise his ineffective assistance of counsel claim in one complete round in the Nebraska state courts as required by 28 U.S.C.

§ 2254(b)(1), and because Williams cannot now raise his claims in a successive motion for post-conviction relief, *see Ortiz*, 670 N.W.2d at 792, his ineffective assistance of trial counsel claim is procedurally defaulted.

In an attempt to excuse this procedural default, Williams directs the court to the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (Filing 23 at CM/ECF pp. 2-4.) In *Martinez,* the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320. The Supreme Court elaborated on and expanded this cause exception in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). There, the Supreme Court held that *Martinez* is applicable not only in circumstances where a state requires a defendant to raise a claim of ineffective assistance of trial counsel in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement (i.e., when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review). *Trevino*, 133 S. Ct. at 1914-15.

Assuming, without deciding, that *Martinez* applies to federal habeas corpus cases arising from Nebraska convictions, the holding in *Martinez* does nothing to excuse the procedural default of Williams' ineffective assistance of trial counsel claim. In *Martinez*, the Court reasoned that a federal habeas court should "hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default *in an initial-review collateral proceeding* . . . ." *Martinez*, 132 S. Ct. at 1318 (emphasis added). Here, the default of Williams' ineffective assistance of counsel claims did not occur because he failed to raise them in the initial-review collateral proceeding (i.e., his Post-Conviction

Motion). Rather, the default occurred because, after raising them in his Post-Conviction Motion, he failed to perfect an appeal. (*See* Filing 12-3 at CM/ECF p. 2.) In *Martinez*, the Court was concerned that "when an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim." 132 S. Ct. at 1316. That concern is not present here because the issues were actually raised in the initial-review collateral proceeding, and then considered and rejected by the Buffalo County District Court. Accordingly, Williams has failed to show cause and prejudice to excuse the procedural default of Claim One.[1]

**B.      Claim Two - Due Process**

Turning to Claim Two, Williams' first opportunity to present his allegation that the trial court failed to properly instruct the jury regarding Counts VI and VII was on direct appeal. However, on direct appeal, he failed to raise this claim. (*See* Filing 29-3.) Under Nebraska law, a motion for postconviction relief cannot be used to secure review of issues that could have been litigated on direct appeal. *See Hall*, 646 N.W.2d at 579. Further, a Nebraska appellate "court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Ortiz*, 670 N.W.2d at 792. In light of these state procedural rules, Williams' Claim Two is procedurally defaulted.

Williams does not appear to argue that cause and prejudice excuse the procedural default of Claim Two. (Filing 23 at CM/ECF pp. 4-5.) To the extent Williams argues *Martinez* also applies to excuse the default of Claim Two, his

---

[1]I note that to "overcome the default, [Williams] must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [Williams] must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318-19. Williams makes no attempt to argue the merits of his ineffective assistance of trial counsel allegations. (*See* Filing 23.)

argument lacks merit. Claim Two is a due process claim and *Martinez* only applies to claims of ineffective assistance of trial counsel. *Trevino*, 133 S.Ct. at 1914-15. Accordingly, I find that Williams has not shown cause and prejudice to excuse the procedural default of Claim Two.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Williams has failed to make a substantial showing of the denial of a constitutional right. I am not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, I will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Williams' Petition for Writ of Habeas Corpus (filing 1) is dismissed.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. The court will not issue a certificate of appealability in this matter.

DATED this 10th day of October, 2014.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.